## Davis Paint Mfg. Co. v. Metzger Linseed Oil Co.

1. WORDS AND PHRASES—*Meaning of the Term O. K.*—Where there has been no decision of the court orally rendered, the term " O. K." indorsed upon a draft of a decree means nothing more or less than a consent to the entry of that decree.

**Bill to Set Aside a Judgment.**—Error to the Circuit Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion on rehearing filed July 10, 1900.

JAMES HARVEY HOOPER, attorney for plaintiff in error.

W. N. GEMMILL, attorney for defendant in error.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

In this case a rehearing was allowed. It was not intended by the opinion filed to say that " O. K.," in all cases, when indorsed upon a draft of decree, means that such decree is entered by consent. In that opinion, as in other cases, the language used must be considered in connection with and as applicable to the facts before the court. It is conceded in the petition for rehearing that " O. K." means all correct, but it is claimed that when put upon a draft of decree it is only an acknowledgment of the correctness of the draft for what it purports to be, " namely, the decision of the court, which had been orally rendered, put into words of form." But does that apply in this case? Here there had been no decision of the court orally rendered.

One of the assignments of error in this court is that the trial court erred "in entering said decree, no evidence having been heard, no replication having been filed and the answer being taken as true." The record does not contain any evidence nor does it appear that any was ever taken in the case. There had not then been any decision of the court upon the merits of the case " orally rendered, put into

words and form " by said decree or draft of decree. The
" O. K." could not then have been equivalent to saying
to the court, this draft of decree is correct according to the
decision of the court orally rendered. It could have meant
or been understood by the court to mean nothing more or
less than a consent to the entry of that decree. The sup-
plemental record filed here confirms this conclusion. If
this be not correct then it follows that counsel intended to,
and did deceive the court into entering the decree. In
either case, appellant is not entitled to any relief at the
hands of this court. The employing of other counsel in
this court from those who " O. K'd," and thus, under the
facts here shown, consented to the entry of said decree,
will not avail to aid the plaintiff in error.

The decree of the Circuit Court is affirmed.